PROB 22
(Rev. 2/88)

# TRANSFER OF JURISDICTION

RECEIVED
2007 MAR 26 A 11:07

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| DOCKET NUMBER *(Tran. Court)* |
|---|
| P-02-CR-173(05) |

| DOCKET NUMBER *(Rec. Court)* |
|---|
| CR MISC NO: 1169 |
| 2:07CR56-MEF |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT | DIVISION |
|---|---|---|
| JERRY WAYNE BASSETT | WESTERN TEXAS | PECOS |

| NAME OF SENTENCING JUDGE |
|---|
| ROBERT JUNELL |

| DATES OF PROBATION/ SUPERVISED RELEASE | FROM | TO |
|---|---|---|
| Super. Rel. | 07/06/2006 | 07/05/2009 |

OFFENSE

21 U.S.C. § 841, Possession with Intent to Distribute Marijuana

FILED
MAR 09 2007
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

## PART 1 - ORDER TRANSFERRING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE ___WESTERN___ DISTRICT OF ___TEXAS___

IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. 3605, the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the United States District Court for the ___MIDDLE DISTRICT OF ALABAMA___ upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

_____Jan. 16, 2007_____          _____[signature]_____
Date                                  United States District Judge

*This sentence may be deleted in the discretion of the transferring Court.

## PART 2 - ORDER ACCEPTING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE ___MIDDLE___ DISTRICT OF ___ALABAMA___

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

_____2 FEB 2007_____          _____[signature]_____
Effective Date                     United States District Judge

CLOSED

# U.S. District Court [LIVE]
## Western District of Texas (Pecos)
### CRIMINAL DOCKET FOR CASE #: 4:02-cr-00173-RAJ-5
### Internal Use Only

Case title: USA v. Felice, et al
Other court case numbers: :02- -51157 5th Cir. Ct Dft #4
:02- -51157 5th Cir. Ct. Def. #1

Date Filed: 05/16/2002

Assigned to: Judge Robert A. Junell

**Defendant**

**Jerry Wayne Bassett** (5)
*TERMINATED: 10/20/2003*

represented by **Christopher Allen Antcliff**
Law Office of Chris Antcliff
521 Texas Avenue
El Paso, TX 79901
(915) 532-1150
Fax: 915/532-1123
Email: antcliff@aol.com
*TERMINATED: 10/20/2003*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Pending Counts**

21:841A=CD.F CONTROLLED
SUBSTANCE - SELL, DISTRIBUTE,
OR DISPENSE
(2)

**Disposition**

Defendant to be incarcerated for 51 months, 3 years Supervised Release and $100.00 Special Assessment.

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

21:841A=CD.F CONTROLLED
SUBSTANCE - SELL, DISTRIBUTE,
OR DISPENSE
(1)

**Disposition**

Count dismissed on an oral motion by the Government

**Highest Offense Level (Terminated)**

Felony

**Complaints**                                                   **Disposition**

None

**Plaintiff**

USA        represented by     **James J. Miller, Jr.**
Assistant United States Attorney
2500 North Highway 118
Suite A-200
Alpine, TX 79830
(432) 837-7332
Fax: 432/837-7485
Email: jay.miller2@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/13/2002 | | Case assigned to Judge Michael S. McDonald [ 3:02-m -1407 ] (ma) Modified on 05/15/2002 (Entered: 05/15/2002) |
| 05/16/2002 | | Case assigned to Hon. W. R. Furgeson Jr. (jw) (Entered: 05/29/2002) |
| 05/16/2002 | 6 | Indictment filed against Robert Lee Wilson (1) count(s) 1-2, 3, 4, Nicola Rochel Pratt (2) count(s) 1-2, Sherise Ortera Striggles (3) count(s) 1-2, Joseph Thomas Felice (4) count(s) 1-2, Jerry Wayne Bassett (5) count(s) 1-2 (Pages: 4) (jw) Modified on 05/29/2002 (Entered: 05/29/2002) |
| 05/16/2002 | 7 | Order Arrest warrant issued for Jerry Wayne Bassett (jw) Modified on 05/29/2002 (Entered: 05/29/2002) |
| 05/16/2002 | | Arrest warrant issued for Jerry Wayne Bassett (jw) (Entered: 05/29/2002) |
| 05/16/2002 | | Added for USA attorney James J. Miller Jr. (jw) (Entered: 05/29/2002) |
| 05/22/2002 | 15 | Arrest warrant returned executed for Jerry Wayne Bassett on 5/21/02 (jw) (Entered: 05/29/2002) |
| 05/22/2002 | | Arrest of Jerry Wayne Bassett (jw) (Entered: 05/29/2002) |
| 05/24/2002 | 17 | Waiver of personal appearance at arraignment and entry of plea not guilty by Jerry Wayne Bassett (5) count(s) 1-2 (jw) (Entered: 05/29/2002) |
| 05/24/2002 | | Defendant(s) Jerry Wayne Bassett first appearance held ; ; Defendant informed of rights. (jw) (Entered: 10/22/2003) |
| 05/31/2002 | | Added for Jerry Wayne Bassett attorney Christopher Allen Antcliff (jw) (Entered: 05/31/2002) |
| 05/31/2002 | 21 | Scheduling order as to Jerry Wayne Bassett setting ; Jury trial set for 9:00 8/12/02 ; Jury Selection set for 9:00 8/12/02. (jw) (Entered: 05/31/2002) |

| | | |
|---|---|---|
| 06/11/2002 | 30 | Motion by Jerry Wayne Bassett to set bond (jw) (Entered: 06/12/2002) |
| 06/11/2002 | 31 | Bond filed: $20,000. unsecured for Jerry Wayne Bassett (jw) (Entered: 06/12/2002) |
| 06/11/2002 | 32 | Filed CJA Form #20 as to Jerry Wayne Bassett appointing Chris Antcliff (jw) (Entered: 06/12/2002) |
| 07/12/2002 | 33 | Order transferring case from the docket of Judge Royal Furgeson to the docket of Senior Judge Harry Lee Hudspeth as to Robert Lee Wilson, Nicola Rochel Pratt, Sherise Ortera Striggles, Joseph Thomas Felice Jr., Jerry Wayne Bassett (jw) (Entered: 07/15/2002) |
| 07/15/2002 | | Case reassigned from Hon. W. R. Furgeson Jr. to Honorable Harry L. Hudspeth (jw) (Entered: 07/15/2002) |
| 07/16/2002 | 34 | Petition to revoke bond as to Jerry Wayne Bassett (jw) (Entered: 07/16/2002) |
| 07/16/2002 | 34 | Motion by USA as to Jerry Wayne Bassett to revoke bond (jw) (Entered: 07/16/2002) |
| 07/16/2002 | 34 | Order Arrest warrant issued for Jerry Wayne Bassett (jw) (Entered: 07/16/2002) |
| 07/16/2002 | | Arrest warrant issued for Jerry Wayne Bassett (jw) (Entered: 07/16/2002) |
| 07/19/2002 | 37 | Transcript filed as to Joseph Thomas Felice Jr., Jerry Wayne Bassett for dates of May 16, 2002 (Proceedings Transcribed: Preliminary and Detention) (Court Reporter: Ernest C. Swanson) (jw) (Entered: 07/22/2002) |
| 07/24/2002 | | Docket call for Robert Lee Wilson, Nicola Rochel Pratt, Sherise Ortera Striggles, Joseph Thomas Felice Jr., Jerry Wayne Bassett set at 10:00 8/2/02 (jw) (Entered: 07/31/2002) |
| 08/02/2002 | | Docket call for Robert Lee Wilson, Sherise Ortera Striggles, Joseph Thomas Felice Jr., Jerry Wayne Bassett held (jw) (Entered: 08/08/2002) |
| 08/08/2002 | | Jury selection for Robert Lee Wilson, Sherise Ortera Striggles, Joseph Thomas Felice Jr., Jerry Wayne Bassett set 8:30 8/12/02 for Robert Lee Wilson, for Sherise Ortera Striggles, for Joseph Thomas Felice Jr., for Jerry Wayne Bassett (jw) (Entered: 08/08/2002) |
| 08/08/2002 | | Jury trial set at 8:30 8/12/02 for Robert Lee Wilson, for Sherise Ortera for Joseph Thomas Felice Jr., for Jerry Wayne Bassett (jw) (Entered: 08/08/2002) |
| 08/12/2002 | 40 | Order Arrest warrant issued for Jerry Wayne Bassett (jw) (Entered: 08/13/2002) |
| 08/12/2002 | | Arrest warrant issued for Jerry Wayne Bassett (jw) (Entered: 08/13/2002) |
| 08/29/2002 | | Excludable - XM stopped for Jerry Wayne Bassett (jw) (Entered: 08/29/2002) |

| | | |
|---|---|---|
| 09/17/2002 | | Location - LF started for Jerry Wayne Bassett (jw) (Entered: 09/17/2002) |
| 06/05/2003 | 84 | Arrest warrant returned executed for Jerry Wayne Bassett on 6/5/03 (jw) (Entered: 06/05/2003) |
| 06/05/2003 | | Arrest of Jerry Wayne Bassett (jw) (Entered: 06/05/2003) |
| 06/05/2003 | 86 | Order transferring case to the docket of Judge Robert Junell as to Jerry Wayne Bassett signed by Honorable Harry L. Hudspeth (jw) (Entered: 06/09/2003) |
| 06/05/2003 | | Case reassigned from Honorable Harry L. Hudspeth to Judge Robert A. Junell (jw) (Entered: 06/09/2003) |
| 06/06/2003 | 87 | Arrest warrant returned executed for Jerry Wayne Bassett on 6/5/03 (cv) (Entered: 06/09/2003) |
| 06/09/2003 | | Received documents as to Jerry Wayne Bassett transferred pursuant to Rule 40 from Middle District of Alabama (jw) (Entered: 06/10/2003) |
| 07/14/2003 | | Oral Consent to administration of guilty plea and Rule 11 Allocution by a United States Magistrate Judge as to Jerry Wayne Bassett (jw) (Entered: 07/15/2003) |
| 07/14/2003 | | Rearraignment as to Jerry Wayne Bassett held (jw) (Entered: 07/15/2003) |
| 07/14/2003 | 88 | Plea agreement filed as to Jerry Wayne Bassett (jw) (Entered: 07/15/2003) |
| 07/14/2003 | 89 | Factual basis by USA as to Jerry Wayne Bassett (jw) (Entered: 07/15/2003) |
| 07/14/2003 | | Plea of guilty entered by , Jerry Wayne Bassett (5) count(s) 2 (jw) (Entered: 07/15/2003) |
| 07/14/2003 | | Referred to Probation for Pre-Sentence Report as to Jerry Wayne Bassett (jw) (Entered: 07/15/2003) |
| 07/14/2003 | 90 | Order and Recommendation on felony guilty plea before the United States Magistrate Judge as to Jerry Wayne Bassett Recommendation that the District Court the guilty plea. (jw) (Entered: 07/15/2003) |
| 07/14/2003 | | Guilty plea accepted by the court as to Jerry Wayne Bassett (5) count(s) 2 ; Mooted Motions: motion to set bond [30-1] (jw) (Entered: 07/15/2003) |
| 07/14/2003 | 91 | Minutes of proceedings for Rearraignment conducted on 07/14/03 as to Jerry Wayne Bassett by Judge Edwards. Court Reporter: Tape #296 (jw) (Entered: 07/15/2003) |
| 07/15/2003 | 92 | Order setting sentencing 5:00 10/22/03 for Jerry Wayne Bassett signed by Judge Robert A. Junell (jw) (Entered: 07/15/2003) |
| 10/07/2003 | 93 | Objection to Pre-Sentence investigation report by Jerry Wayne Bassett. (vt) (Entered: 10/09/2003) |

| | | |
|---|---|---|
| 10/10/2003 | 94 | Order as to Jerry Wayne Bassett resetting sentencing 5:00 10/20/03 signed by Judge Robert A. Junell (vt) (Entered: 10/10/2003) |
| 10/20/2003 | | Sentencing held for Jerry Wayne Bassett (5) count(s) 2. Defendant to be incarcerated for 51 months, 3 years Supervised Release and $100.00 Special Assessment. ; Mooted Motions: motion to revoke [34-1] (jw) (Entered: 10/22/2003) |
| 10/20/2003 | | Dismissed count on motion by the Govt. Jerry Wayne Bassett (5) count(s) 1 (jw) (Entered: 10/22/2003) |
| 10/20/2003 | 95 | Minutes of proceedings for Sentencing conducted on 10/20/03 as to Jerry Wayne Bassett by Judge Junell. Court Reporter: Todd Anderson (jw) (Entered: 10/22/2003) |
| 10/21/2003 | 96 | Judgment and Commitment as to Jerry Wayne Bassett (5) count(s) 2 (Pages: 5) signed by Judge Robert A. Junell (vt) (Entered: 10/23/2003) |
| 01/05/2004 | 99 | Judgment and commitment returned executed as to Jerry Wayne Bassett (5) count(s) 2 on 12/1/03 (vt) (Entered: 01/05/2004) |
| 01/17/2007 | 107 | PROBATION FORM 12 as to Jerry Wayne Bassett (jw, ) (Entered: 01/18/2007) |
| 03/09/2007 | 110 | Probation/Supervised Release Jurisdiction Transferred to Middle District of Alabama as to Jerry Wayne Bassett Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment and docket sheet. (jw, ) (Entered: 03/13/2007) |

# UNITED STATES DISTRICT COURT
## Western District of Texas
### PECOS DIVISION

FILED
OCT 21 2003
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

UNITED STATES OF AMERICA

v. 25195-180

JERRY WAYNE BASSETT

Defendant.

Case Number P-02-CR-173-05
USAO Number

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant, JERRY WAYNE BASSETT, was represented by Christopher Antcliff.

On motion of the United States, the Court has dismissed Count(s) 1.
The defendant pled guilty to Count(s) 2 of the Indictment on July 14, 2002. Accordingly, the defendant is adjudged guilty of such Count(s), involving the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 USC 841(a)(1) | Possession w/ Intent to Distribute Marijuana. | May 11, 2002 | 2 |

As pronounced on October 20, 2003, the defendant is sentenced as provided in pages 2 through 5 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $100.00. Payment of the special assessment shall begin immediately. Said special assessment shall be made to the Clerk, U.S. District Court.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid. If ordered to pay restitution, the defendant shall notify the Court and United States Attorney of any material change in the defendant's economic circumstances.

Signed this the 21 day of October, 2003.

ROBERT JUNELL
United States District Judge

A true copy of the original, I certify.
Clerk, U.S. District Court
By: _____ Deputy

Defendant's SSN: 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
Defendant's Date of Birth: 7/18/63
Defendant's residence address: NA

99

Judgment--Page 2

Defendant: JERRY WAYNE BASSETT
Case Number: P-02-CR-173-05

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 51 months.

The Court makes the following recommendations to the Bureau of Prisons:

That the defendant serve this sentence at F. C. I., Nellis Nevada or Safford Arizona for the 500 hour drug program.

That the defendant participate in a mental health program while incarcerated.

The defendant shall remain in custody pending service of sentence.

## RETURN

I have executed this Judgment as follows:

Defendant delivered on _12-1-03_ to _FCI Ya Zoo City_
at _Ya Zoo City, ms._, with a certified copy of this Judgment.

_M. Pettiford, Warden_
~~United States Marshal~~

By _J. Nave, LIE_
Deputy Marshal

Defendant: JERRY WAYNE BASSETT  
Case Number: P-02-CR-173-05

Judgment--Page 3

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of three years.

While on supervised release, the defendant shall comply with the standard conditions that have been adopted by this Court as set forth on page 4 of this judgment; and shall comply with the following additional conditions:

__X__   The defendant shall not be permitted to reside any place where firearms are possessed or stored.

__X__   The defendant shall abstain from the use of alcohol and/or all other intoxicants during the term of supervision.

__X__   The defendant shall participate in a program approved by the Probation Officer for treatment of narcotic addition or drug or alcohol dependency which may include testing and examination to determine if the defendant has reverted to the use of drugs or alcohol. The defendant may be required to contribute to the costs of services rendered (copayment) in an amount to be determined by the Probation Officer, based on the defendant's ability to pay.

__X__   The defendant shall participate in a program of testing and treatment for alcohol abuse to include alcoholics anonymous attendance, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer.

Defendant: JERRY WAYNE BASSETT
Case Number: P-02-CR-173-05

Judgment--Page 4

## CONDITIONS OF SUPERVISION

**Mandatory Conditions:**

1) The defendant shall not commit another federal, state, or local crime.

2) The defendant shall not illegally possess a controlled substance.

3) If the judgment imposed a fine or a restitution obligation, it shall be a condition of supervision that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any schedule of payments set forth in the Criminal Monetary Penalties sheet of the judgment. In any case, the defendant shall cooperate with the Probation Officer in meeting any financial obligations.

4) In supervised release cases only, the defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

5) If convicted of a felony, the defendant shall not posses a firearm, destructive device or any other dangerous weapon.

6) For offenses committed on or after September 13, 1994, the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter, as directed by the Probation Officer.

   The above drug testing condition may be suspended based on the Court's determination that the defendant poses a low risk of future substance abuse.

**Standard Conditions:**

1) The defendant shall not leave the judicial district without the permission of the Court or Probation Officer.

2) The defendant shall report to the Probation Officer and shall submit a truthful and complete written report within the first five days of each month.

3) The defendant shall answer truthfully all inquires by the Probation Officer and follow the instructions of the Probation Officer.

4) The defendant shall support his or her dependents and meet other family responsibilities.

5) The defendant shall work regularly at a lawful occupation unless excused by the Probation Officer for schooling, training or other acceptable reasons.

6) The defendant shall notify the Probation Officer at least ten days prior to any change in residence or employment.

7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician.

8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the Probation Officer.

10) The defendant shall permit a Probation Officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the Probation Officer.

11) The defendant shall notify the Probation Officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

12) The defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the Court.

13) As directed by the Probation Officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the Probation Officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Judgment--Page 5

Defendant: JERRY WAYNE BASSETT
Case Number: P-02-CR-173-05

## FINE

The fine is waived because of the defendant's inability to pay.

**NOT FOR PUBLIC DISCLOSURE**

Defendant: JERRY WAYNE BASSETT     Judgment
Case Number: P-02-CR-173-05

## STATEMENT OF REASONS

The Court adopts the factual findings and guideline application of the presentence report.

**Guideline Range Determined by the Court:**

| | |
|---|---|
| Total Offense Level: | 20 |
| Criminal History Category: | III |
| Imprisonment Range: | 41 months to 51 months. |
| Supervised Release Range: | 0 to 3 years |
| Fine Range: | $ 7,500 to $ 1 million |
| Restitution: | $ NA |

The sentence is within the guideline range and the Court finds no reason to depart from the sentence called for by application of the guidelines.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

FILED
MAY 16 2002

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO. P-02-CR- |
| | ) | P-02-CR-173 |
| Plaintiff, | ) | **INDICTMENT** |
| | ) | [Vio: 21 USC 841, Possession |
| V. | ) | of cocaine and marihuana with |
| | ) | intent to distribute; 18 USC |
| ROBERT LEE WILSON, | ) | 922(g)(1), Felon in Possession |
| NICOLA ROCHEL PRATT, | ) | of a Firearm; 18 USC 924(c), |
| SHERISE ORTERA STRIGGLES, | ) | Using/carrying a firearm |
| JOSEPH THOMAS FELICE, JR., | ) | during drug trafficking crime] |
| JERRY WAYNE BASSETT, | ) | |
| | ) | |
| Defendants. | ) | |

**The Grand Jury Charges:**

<u>Count One</u>
[21 U.S.C. § 841(a)(1) & 18 U.S.C. § 2]

On or about May 11, 2002, in the Western District of Texas, Defendants,

ROBERT LEE WILSON,
NICOLA ROCHEL PRATT,
SHERISE ORTERA STRIGGLES,
JOSEPH THOMAS FELICE, JR.,
JERRY WAYNE BASSETT,

and others, aiding and abetting one another, knowingly did possess with intent to distribute 5 Kilograms or more of a mixture or substance containing cocaine, its salts, optical and geometric isomers, and salts of isomers, a controlled substance.

A violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.



<u>Count Two</u>
[21 U.S.C. § 841(a)(1) & 18 U.S.C. § 2]

On or about May 11, 2002, in the Western District of Texas, Defendants,

ROBERT LEE WILSON,
NICOLA ROCHEL PRATT,
SHERISE ORTERA STRIGGLES,
JOSEPH THOMAS FELICE, JR.,
JERRY WAYNE BASSETT,

and others, aiding and abetting one another, knowingly did possess with intent to distribute 50 Kilograms or more, but less than 100 kilograms of marihuana, a controlled substance.

A violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

<u>Count Three</u>
[18 U.S.C. § 922(g)(1)]

On or about May 11, 2002, in the Western District of Texas, Defendant,

ROBERT LEE WILSON,

having been previously convicted of a felony offense punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting commerce a firearm, namely, one Sterling Arms .380 semiautomatic handgun, serial number B51439, and silencer, which had been shipped and transported in interstate commerce.

A violation of Title 18, United States Code, Section 922(g)(1).

<u>Count Four</u>
[18 U.S.C. § 924(c) & 18 U.S.C. § 2]

On or about May 11, 2002, in the Western District of Texas, Defendants,

ROBERT LEE WILSON,

and others, aiding and abetting one another, during and in relation to the drug trafficking crimes charged in Counts One and Two of this Indictment, for which the Defendant may be prosecuted in a court of the United States, knowingly did use and carry a firearm, that is, one Sterling Arms .380 semiautomatic handgun, serial number B51439, and silencer.

A violation of Title 18, United States Code, Section 924(c), and Title 18, United States Code, Section 2.

A True Bill.

_____
Foreperson

Johnny Sutton
United States Attorney

James J. Miller, Jr.
Assistant United States